UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHYLLIS D. NOBLE,
    Plaintiff,

v.                                  Case No.: 3:24cv66/TKW/ZCB

FRANK KENDALL,
SECRETARY OF THE U.S. AIR FORCE,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* employment discrimination case filed under Title VII of the Civil Rights Act. Plaintiff is an employee of the U.S. Air Force, and Defendant is the Secretary of the U.S. Air Force. (Doc. 1). Although this lawsuit was filed on February 14, 2024, Defendant has yet to be properly served. Thus, this matter should be dismissed without prejudice for lack of timely service under Rule 4(m) of the Federal Rules of Civil Procedure.

**I.    Background**

After Plaintiff filed her complaint on February 14, 2024, the Court issued a summons and informed Plaintiff of her obligation to complete

service on Defendant.[1] (Doc. 4). The Court warned Plaintiff that a failure to perfect service within ninety days would result in dismissal. (*Id.* at 2). On May 21, 2024, Plaintiff returned a summons purporting to show that Defendant was served. (Doc. 6). But an examination of the summons revealed that Plaintiff's attempt at service did not comply with the Federal Rules of Civil Procedure. (*See* Docs. 6, 7).

The Court then ordered Plaintiff to show cause as to why the case should not be dismissed for lack of timely service.[2] (Doc. 7). In response to the show cause order, Plaintiff asked the Court to accept her prior attempt at service as valid. (Doc. 8). The Court rejected that request, but it *sua sponte* extended Plaintiff's time to serve Defendant to August 26, 2024. (Doc. 10). The Court again warned Plaintiff that if she failed

---

[1] Although Plaintiff is proceeding *pro se*, she paid the filing fee and is not proceeding *in forma pauperis*. (*See* Doc. 2). Thus, Plaintiff is responsible for completing service. *See Thomas v. Spivey*, No. 5:18-cv-8, 2019 WL 1928505, at *2 (S.D. Ga. Apr. 30, 2019) ("But when a plaintiff—pro se or otherwise—does not move to proceed *in forma pauperis*, the Court does not bear the burden of ordering service of process, and the plaintiff remains responsible for service.").

[2] The show cause order explained to Plaintiff the requirements for serving an employee of the United States under Rule 4(i) of the Federal Rules of Civil Procedure. (Doc. 7 at 2).

to serve Defendant within the extended time period, then the Court would recommend dismissal. (*Id.* at 2).

On August 26, 2024, Plaintiff submitted a notice regarding her efforts to serve Defendant. (Doc. 11). In that notice, Plaintiff has stated that she served via certified mail the Attorney General of the United States and Major William V. Cochrane, Jr. Chief of the Judge Advocate General's Corps at Eglin Air Force Base. (*Id.* at 1). Plaintiff says that she received the signed return receipt regarding Major Cochrane. (*Id.*). As for the Attorney General, Plaintiff says that the U.S. Postal Service's tracking information shows that the package has been returned to sender. (*Id.*). And she has attached a printout from the U.S. Postal Service's website indicating that the package purportedly sent to the Attorney General was "returned to sender on August 20, 2024, at 3:51 p.m. . . . because the addressee was not known at the delivery address noted on the package." (*Id.* at 6). Nonetheless, Plaintiff asks the Court to deem her "attempted service" as sufficient to comply with Rule 4. (*Id.* at 2).

## II.   Discussion

Defendant is the Secretary of the U.S. Air Force. Because he is a federal government employee, service must be completed under Rule 4(i). And "Rule 4(i) requires a plaintiff serving an employee or officer of the United States in an official capacity to deliver a copy of the summons and the complaint to both the United States Attorney for the district in which the action is brought and to the Attorney General of the United States, in addition to serving the employee or officer." *Marcus v. Postmaster Gen.*, 461 F. App'x 820, 821 (11th Cir. 2011). Service is not completed under Rule 4(i) unless all three of the individuals listed in the rule are served. *See Thomas v. Box*, 231 F. App'x 858, 859 (11th Cir. 2007) (affirming dismissal where a plaintiff who sued a federal government employee had served the employee but had not served the United States Attorney and the Attorney General); *see also Sun v. United States*, 151 F. App'x 860, 862 (11th Cir. 2005) (finding that service was ineffective under Rule 4(i) because the plaintiff "correctly served the Attorney General, but failed to effect proper service upon the United States Attorney").

To properly serve Defendant under Rule 4(i), Plaintiff was required to serve Defendant, the United States Attorney for the Northern District

of Florida, and the Attorney General of the United States. Plaintiff has not done so. More specifically, Plaintiff clearly has not served the United States Attorney or the Attorney General.[3] Plaintiff has provided no evidence of an attempt to serve the United States Attorney, and the evidence she has provided regarding the Attorney General shows that service was not perfected because the U.S. Postal Service sent the documents back to Plaintiff as undeliverable.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). It has now been 202 days since Plaintiff filed this lawsuit on February 14, 2024. The Court has already extended the time for

---

[3] It is also unclear whether Plaintiff has properly served Defendant himself. Plaintiff purports to have served Defendant via certified mail sent to Major Cochrane, a JAG officer at Eglin Air Force Base in Florida. But Defendant is the Secretary of the Air Force and is not stationed at Eglin Air Force Base. Indeed, Plaintiff was provided with specific instructions by the Air Force on how to serve Defendant. (Doc. 1-1 at 17). Plaintiff has not followed those instructions.

service and been patient with Plaintiff. Yet Defendant still has not been properly served. Dismissal is, therefore, warranted under Rule 4(m).[4]

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 4(m) because Plaintiff failed to timely serve Defendant.

At Pensacola, Florida this 3rd day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or

---

[4] Under Rule 4(i)(4), a court should permit a party a reasonable time to cure its failure to serve the United States Attorney, the Attorney General, or the federal government employee. The Court provided that reasonable time when it previously extended the deadline for service to August 26, 2024. (*See* Doc. 10). Plaintiff has now had approximately 110 days more than the 90 days provided for in Rule 4(m) to perfect service. But she has not done so. *See Marcus*, 461 F. App'x at 822 (affirming dismissal for failure to complete service in compliance with Rule 4(i) where the district court had given the plaintiff 120 days to complete service, including a *sua sponte* extension of 30 days after the plaintiff's initial attempt at service was rejected as improper).

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.